**FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IRA S. HIRSCHBACH, individually and on    : <br>
behalf of all other similarly situated,    :      Civil Action No. 06-6183 (SRC) <br>
   : <br>
               Plaintiff,    :            **OPINION** <br>
   : <br>
          v.    : <br>
   : <br>
NVE BANK, et al.,    : <br>
   : <br>
            Defendants.    : <br>
   :

APPEARANCES:

Bruce J. Ressler, Esq.
RESSLER & RESSLER
175 Hudson Street
Hackensack, New Jersey 07601

Ellen R. Werther, Esq.
RESSLER & RESSLER
48 Wall Street
New York, New York 10005

ATTORNEYS FOR PLAINTIFF IRA S. HIRSCHBACH

Richard A. Beran, Esq.
Steven A. Beckelman, Esq.
Michael P. Pasquale, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

ATTORNEYS FOR DEFENDANTS NVE BANK, NVE BANCORP, MHC, STEVEN H.
BAKER, JOHN F. BOYLE, ROBERT S. MONTEITH, ROBERT REY, ANDREW F. DURKIN,
CHARLES A. LOTA and STEVEN C. RUHLE

**CHESLER**, District Judge

This matter comes before the Court upon the Court's sua sponte Order To Show Cause why this action should not be remanded for lack of subject matter jurisdiction.  For the reasons discussed below, the Court is not satisfied that it has subject matter jurisdiction over this action, and therefore, this action will be remanded to the Superior Court of New Jersey, Law Division, Bergen County.

I.    BACKGROUND

This consumer fraud class action suit was filed by Plaintiff Ira S. Hirschbach in the Superior Court of New Jersey, Law Division, Bergen County on or about November 20, 2006. The Complaint contained one count for violation of the New Jersey Consumer Fraud Act, N.J. STAT.ANN. § 56:8-1, et seq. (West 2001) in connection with the pricing, advertising, disclosure and renewal of certain certificates of deposit ("CDs") issued by Defendant NVE Bank. According to the Amended Complaint, the proposed class consists of all persons who invested in a CD issued by NVE Bank at competitive market rates and renewed at least once by NVE Bank after the initial maturity date and have received or are receiving interest on their renewed CD at below competitive market rates.  At all relevant times, Defendant NVE Bank was and is a savings bank chartered and licensed by the State of New Jersey.  It operates exclusively in New Jersey, and indeed, all of its branches are located in Bergen County.  The bank does maintain certain FDIC-insured accounts, but it is not a national bank or a subsidiary of a national bank. The other Defendants include a bank holding company and various officers and directors of the

bank.

Defendants removed this action on or about December 22, 2006 pursuant to 28 U.S.C. § 1441 (2006). In the Notice of Removal, Defendants asserted that this Court has subject matter jurisdiction over this case because (1) Plaintiff's state law claim necessarily turns on the construction of federal law and therefore "arises under" the laws of the United States pursuant to 28 U.S.C. § 1331 (2006) and (2) there is diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (2006) ("CAFA"). After the Notice of Removal was filed, Plaintiff did not move to remand, but rather filed an Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a), before Defendants served their responsive pleading to the Complaint. The Amended Complaint, filed on January 14, 2007, added a second count purporting to assert a claim for violation of the Truth In Savings Act, 12 U.S.C. § 4301, et seq. (2006) ("TISA").

From its own review of the Complaint and Amended Complaint, the Court was not satisfied that it had subject matter jurisdiction over the action and issued an Order To Show Cause why the case should not be remanded. During oral argument on March 12, 2007, the Court determined that it would first address whether Plaintiff's asserted cause of action under TISA was viable, thus conferring an independent basis of federal question jurisdiction, before reaching the jurisdictional grounds pled in the Notice of Removal. Following supplemental briefing on TISA, the Court dismissed the TISA claim with prejudice on the grounds that Congress repealed the private cause of action under TISA in 2001 and that any TISA claim Plaintiff may have had prior to the repeal was barred by the applicable statute of limitations. (See May 3, 2007 Order (docket item # 22).)

3

Having dismissed the TISA claim, the Court returned to its review of subject matter jurisdiction based on the two independent grounds asserted in the Notice of Removal. Presently before the Court are the questions of (1) whether Plaintiff's New Jersey Consumer Fraud Act claim "arises under" federal law and (2) whether diversity jurisdiction exists under CAFA. The Court has reviewed the parties' briefing on these issues and has also considered the arguments presented orally during the proceedings of March 12, 2007. The Court has determined that it lacks subject matter jurisdiction, and its analysis of the relevant issues follows.

## II.   FEDERAL QUESTION JURISDICTION

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346 (3d Cir. 2003). It is "an Art. III as well as a statutory requirement" and "it functions as a restriction on federal power." Id. at 346-47 (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final

4

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(d) (2006).

Defendants, the removing parties, maintain that this Court has original federal question

jurisdiction over the case because, even though the Amended Complaint pleads a state law cause

of action, that claim turns on a substantial federal issue and therefore "arises under" federal law.

More specifically, Defendants argue that the conduct on which Plaintiff bases his Consumer

Fraud Act claim - the allegedly deceptive advertising and disclosure of interest rate changes on

automatically renewing NVE Bank CDs - is governed exclusively by TISA and the regulations

issued thereunder.  They take the position that because the Consumer Fraud Act violations

alleged by Plaintiff are predicated on violations of obligations created by federal law, that is,

TISA's notice requirements, the state law claim hinges on the interpretation of federal law.

Thus, according to Defendants, the federal question embedded in the state law claim gives rise to

federal subject matter jurisdiction.

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(b), which

provides for removal of actions founded on claims "arising under" the laws of the United States,

regardless of the citizenship of the parties.  Jurisdiction here, according to Defendants, is based

on the existence of a federal question.  "The presence or absence of federal question is governed

by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded Complaint."

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Typically, federal question jurisdiction

will lie only if the complaint pleads a federal cause of action.  Merrell Dow Pharm. Inc. v.

Thompson, 478 U.S. 804, 808 (1986); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149

(1918).  In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved. <u>Carrington v. RCA Global Communications, Inc.</u>, 762 F. Supp. 632, 636 (D.N.J. 1991).

Of course, the Amended Complaint in this action asserts only a state law cause of action. Defendants contend that the Court nevertheless has "arising under" jurisdiction on the grounds that a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."  <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 23 (1983).  The Supreme Court has long-recognized this variety of federal "arising under" jurisdiction, in which the federal question is embedded in a state law claim.  <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 312 (2005).  In <u>Grable</u>, the Supreme Court most recently articulated the standard for determining whether the presence of a federal issue in a purely state law claim may give rise to federal question jurisdiction under § 1331.  The Court held that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal law and state judicial responsibilities."  <u>Id.</u> at 315.

In relevant part, the Amended Complaint in this case alleges as follows:

> Defendants devised a deceptive scheme to withhold information from the holders of these targeted Certificates of Deposit that would alert them to the fact that the interest rate upon renewal would be substantially below competitive market rates and substantially below advertised rates for similar Certificates of Deposit issued by NVE Bank.

* * *

> Defendants' conduct constitutes the knowing, concealment,
> suppression or omission of any material fact with intent that others
> rely upon such concealment, suppression or omission, in violation
> of the laws of the State of New Jersey, including the New Jersey
> Consumer Fraud Act.

(Am. Compl., ¶¶ 73, 82.)   Nowhere on the face of the Amended Complaint does the Plaintiff

assert that he is seeking redress for conduct violating federal laws and regulations that deal with

the advertising of CDs.  According to Defendants, the federal question is nevertheless necessarily

embedded in the state law claim because the conduct of which Plaintiff complains is governed

exclusively by TISA.  They contend that determining the merits of Plaintiff's state law claim

requires the Court to construe and apply federal law.

   In support of this argument, Defendants cite to the provision of TISA and related

regulation which preempt state law requirements that are "inconsistent" with TISA's

requirements.  12 U.S.C. § 4312 (2006); 12 C.F.R. § 230.1(d) (2007).  The Court notes that

indeed, Defendants have filed a motion to dismiss Plaintiff's Complaint based, in part, on the

inconsistency between what the Consumer Fraud Act and TISA would require of banks and on

the pervasive regulation of the complained-of conduct under federal law.  The question of

whether the Consumer Fraud Act claim is meritorious or states a claim upon which relief may be

granted is not presently before the Court.  Rather, this Court's inquiry is limited to determining

whether there is a federal question stated on the face of the Amended Complaint.

   The answer is no.  As pled, the Consumer Fraud Act claim calls for the evaluation of

Defendants' conduct according to the obligations and protections of that statute.  On its face, the

claim does not reference TISA or expressly identify the predicate misconduct as violations of

TISA, but even if it had, the Court's analysis would remain the same.  A state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law.  Cf. Perez v. Rent-A-Center, Inc., 186 N.J. 188, 219 (2006) (holding that state regulation of rent-to-own transactions does not preclude a Consumer Fraud Act claim based on such a transaction).  Assuming that, on the face of the Amended Complaint, TISA issues are embedded in Plaintiff's Consumer Fraud Act claim, the embedded federal issues in this case are not substantial because determining the merits of the Consumer Fraud Act claim does not depend on construction of federal law.  Bauchelle v. AT&T Corp., 989 F.Supp. 636, 641 (D.N.J. 1997) (citing Franchise Tax Bd., 463 U.S. at 9).  That a court may be called upon to evaluate the offending conduct in light of what federal laws and regulations require does not federalize the claims for violation of the Consumer Fraud Act.  The Consumer Fraud Act claim requires the evaluation of duties that are at their core defined by state law.  Predicating the Consumer Fraud Act claim on conduct which may run afoul of TISA does not bring federal law to the forefront of the action.

Moreover, with regard to the division of labor component of the Grable test, this Court is of the opinion that entertaining the claims presented here would overreach the limits of jurisdiction conferred upon this Court and put the Court in the unacceptable - and unauthorized - position of passing on matters of state law.  Assuming that determination of the merits of the state law cause of action will entail a review of the offending conduct with reference to TISA - a federal issue not stated on the face of the Complaint - "arising under" jurisdiction does not necessarily follow.  Even when the state law cause of action discloses a contested and substantial federal question - which for the reasons discussed above is not the case here - "the federal issue

will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable, 545 U.S. at 313-14.  The Court's conclusion that this controversy does not belong in federal court is underscored by Congress's repeal of the private right of action under TISA and related withdrawal of federal jurisdiction over such claims in 2001.  12 U.S.C. § 4310 (2000) (repealed 2001); Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 209 n. 2 (3d Cir. 2002).  While the absence of a federal private right of action is not dispositive of whether federal question jurisdiction exists, it is relevant to the issue and should be considered by the Court.  Grable, 545 U.S. at 318.

Although Defendants maintain that this case is "remarkably similar" to Grable and, like Grable, warrants federal jurisdiction, the Court finds Grable to be in many ways a unique action. Grable was a quiet title action regarding property that had been seized by the IRS to satisfy a federal tax delinquency owed by plaintiff Grable & Sons.  Plaintiff premised its claim to superior title as compared to the purchaser of the property, defendant Darue, on the IRS's failure to give Grable notice of the sale by personal service as required by federal tax law.  The Supreme Court found that the merits of the quiet title claim depended entirely on the meaning of the federal tax provision regarding notice, a provision whose meaning was actually in dispute.  The Court also found that the IRS had a strong interest in settling a federal tax matter in federal court, particularly in light of the challenged provision's impact on its ability to collect delinquent taxes. Thus, the Supreme Court concluded that the case presented one of those rare situations in which a state title case raised a contested matter of federal law.  Id. at 315.  Unlike Grable, the merits of Plaintiff's state law cause of action in this case do not depend on the meaning of the supposedly

embedded federal statute or whether Defendants' conduct violated TISA.  Whether Plaintiff

prevails on the pled claim depends on proving the elements of the Consumer Fraud Act.

In this Court's view, the analysis in a case decided in this district after <u>Grable</u>, <u>Stechler v.</u>

<u>Sidley Austin Brown & Wood, LLP</u>, is directly on point.  <u>Stechler v. Sidley Austin Brown &</u>

<u>Wood, LLP</u>, No. 05-3485, 2006 WL 90916 (D.N.J. Jan. 13, 2006).  In <u>Stechler</u> , the Hon. Harold

A. Ackerman dealt with a motion to remand an action that had been removed on the basis that

the claims, sounding in state law, depended on the construction of federal law.  <u>Id.</u> at *2  The

claims, which included breach of contract, breach of fiduciary duty and unjust enrichment,

revolved around allegations that defendants had fraudulently induced plaintiffs to engage in a tax

shelter.  <u>Id.</u>  The defendants maintained that federal jurisdiction existed because plaintiffs' claims

required "interpretation of federal tax law, i.e. whether the [tax shelter] Strategy violate[d]

federal tax law."  <u>Id.</u> at *5.  Applying the <u>Grable</u> test, the <u>Stechler</u> court held that Defendants had

failed to demonstrate that the court had federal question jurisdiction.  Finding that the claims did

not raise a "disputed and substantial" federal issue, Judge Ackerman reasoned as follows:

> In the Court's view, the central focus of the case is not the tax
> implications of the Strategy, but rather the honesty and
> reasonableness of defendants' conduct.  Stated differently, the
> primary issue is not the meaning of federal tax law, but whether the
> representations made and advice given to the plaintiffs was
> fraudulent and/or negligent.  As the complaint is structured, the
> proper interpretation of federal tax law is at most a relatively minor
> issue, not an actually disputed and substantial one.

<u>Id.</u> at *6.

Likewise, in this case, the commission of a TISA violation is not an "essential element"

of the Consumer Fraud Act cause of action pled in the Amended Complaint.  <u>See</u> <u>Franchise Tax</u>

10

Bd., 463 U.S. at 13; Gully v.  First Nat'l Bank In Meridian, 299 U.S. 109, 112 (1936).  As pled,

the focus of this case is not whether the alleged misconduct by Defendants violates the notice and

advertising requirements of TISA.  Rather, the question is whether through their actions

Defendants violated an obligation of candor toward consumers existing by virtue of New Jersey's

Consumer Fraud Act.  Plaintiff's right to relief under New Jersey statutory law does not depend

on interpretation of federal law.  See Gully, 299 U.S. at 112 ("The right or immunity must be

such that it will be supported if the Constitution or laws of the United States are given one

construction or effect, and defeated if they receive another").  Indeed, the provisions of TISA

expressly state that the statute does "not supersede any provisions" of state law relating to

disclosures governed by TISA unless state law is inconsistent, "and then only to the extent of the

inconsistency."  12 U.S.C. § 4312.  This statement would suggest that a state may impose

additional disclosure obligations, such as may be imposed under the Consumer Fraud Act by

New Jersey.  Again, that question is not presently before the Court.

        Nevertheless, because Defendants have raised the preemptive effect of TISA on the

Consumer Fraud Act, the Court addresses the impact of that defense on the existence of federal

subject matter jurisdiction.  It is "settled law that a case may *not* be removed to federal court on

the basis of a federal defense, including the defense of preemption, even if the defense is

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense

is the only question truly at issue."  Caterpillar, Inc., 482 U.S. at 393 (citing Franchise Tax Bd.,

463 U.S. at 12) (emphasis in original). Only where a federal cause of action *completely* preempts

a state cause of action may the Court conclude that a complaint's facial state law claim really

"arises under" federal law.  Franchise Tax Bd., 463 U.S. at 24; see also Railway Labor

Executives Ass'n v. Pittsburgh & Lake Erie Railroad Co., 858 F.2d 936, 939 (3d Cir. 1988)

(holding that complete preemption doctrine provides that "Congress may so completely preempt

a particular area, that any civil complaint raising this select group of claims is necessarily federal

in character").   Neither the Supreme Court nor the Third Circuit Court of Appeals have held that

the complete preemption doctrine applies to TISA, and the parties have not so argued.  Indeed,

TISA's lack of a private cause of action to enforce the interests Plaintiff seeks to vindicate via the

Consumer Fraud Act evidences the inapplicability of the doctrine.  Railway Labor, 858 F.2d at

942 (citing Franchise Tax Bd., 463 U.S. at 24.)

          In sum, the variety of "arising under" jurisdiction that Defendants assert exists here has

its limits. Indeed, the Supreme Court has cautioned that "the mere presence of a federal issue in a

state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow,

478 U.S. at 813-14.  In a decision issued after Grable, the Supreme Court noted that matters that

properly merit federal jurisdiction because a state law cause of action necessarily raises a

substantial, disputed federal question are confined to a "special and small category" of cases.

Empire Healthchoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2136 (2006). The jurisprudence in

this area has consistently held that, at a minimum, the state law claim must necessarily raise a

stated question of federal law which must be "substantial," meaning the federal question is a

necessary element of the well-pleaded state claim.   Franchise Tax Bd., 463 U.S. at 13; Grable,

545 U.S. at 313.  Summarizing the development of this area of federal question jurisdiction, the

Supreme Court stated that, in cases involving federal issues embedded in state law claims, "[w]e

12

have not kept them out simply because they appeared in state raiment   . . . but neither have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law."  <u>Grable</u>, 545 U.S. at 314 (citation omitted).  <u>Grable</u>, in short, did not swing the door to the federal courthouse wide open, <u>Empire Healthchoice Assur., Inc.</u>, 126 S. Ct. at 2137, and certainly not wide enough to admit the case at bar.  This is, at bottom, a case about the reasonableness and adequacy of Defendants' conduct vis-a-vis state law, and Defendants have failed to demonstrate that this action "arises under" federal law for purposes of subject matter jurisdiction under 28 U.S.C. § 1331.

**III.    Diversity Jurisdiction Under CAFA**

The Notice of Removal filed by Defendants alternatively asserts that subject matter jurisdiction exists over this case under CAFA.  CAFA provides for the existence of diversity jurisdiction over putative class action suits if (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, when the claims of all class members are considered in the aggregate, (2) there is minimal diversity of citizenship , meaning any one member of the putative plaintiff class is a citizen of a state different from any defendant, and (3) the class contains at least 100 members.  28 U.S.C. §§ 1332(d)(2) and (5).  Plaintiffs have not disputed that the Amended Complaint meets these prima facie requirements, and the Court is satisfied that these elements of diversity jurisdiction under CAFA appear on the face of the Amended Complaint.

The jurisdictional flaw lies with the action's trigger of CAFA's stated exception to

federal jurisdiction over "home state" controversies.  This "home state" exception, set forth at 28

U.S.C. §§ 1332(d)(3) and (4), identifies certain class actions over which subject matter

jurisdiction may not exist, despite satisfaction of the three criteria enumerated above.  Judiciary

Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 28 (2005), *as reprinted*

*in* 2005 U.S.C.C.A.N. 3, 28.  The home state exception has both a mandatory and a discretionary

facet.  Id.  It states that a district court *shall* decline to exercise jurisdiction over a class action in

which two-thirds or more of the members of all proposed plaintiff classes in the aggregate and

the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C.

§ 1332(d)(4).  Its discretionary feature is triggered by a plaintiff class composition in which

greater than one-third but less than two thirds of the class are citizens of the forum state.  28

U.S.C. § 1332(d)(3).  In such cases, the district court may decline to exercise jurisdiction, in the

interests of justice and looking at the totality of the circumstances, based on consideration of the

following factors:

> (A) whether the claims asserted involve matters of national or
> interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the
> State in which the action was originally filed or by the laws of
> other States;
>
> (C) whether the class action has been pleaded in a manner that
> seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct
> nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action
> was originally filed in all proposed plaintiff classes in the aggregate
> is substantially larger than the number of citizens from any other

14

State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

Id.

Whether the Court must or may, in its discretion, decline to exercise jurisdiction depends on the composition of the putative plaintiff class. The representations made in the Amended Complaint regarding this controversy caused the Court to suspect, upon its review of the pleadings for subject matter jurisdiction, that a substantial portion of the plaintiff class, who are past and present customers of the Defendant bank's CD products, may call New Jersey home. Additionally, Plaintiff raised the applicability of the home state exception in a footnote to his brief regarding the existence of federal question jurisdiction under the Grable line of cases.[1] Though Plaintiff did not move to remand on the action on this basis, the Court itself challenged this jurisdictional ground in keeping with its independent "continuing obligation to investigate [its] jurisdiction" over its cases. Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004).

Defendants have argued that there is insufficient evidence before the Court at this time to support the existence of the home state exception, and that, moreover, that they should not bear the burden of proving that the exception does not apply, even though they have removed the

---

[1] See Plaintiff's Response Regarding Subject Matter Jurisdiction Over This Action, dated January 26, 2007, at 1 n.1.

action.  Generally, the burden of demonstrating the existence of subject matter jurisdiction falls

on the removing party, a rule that applies to cases removed under CAFA.  McNutt v. Gen.

Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Morgan v. Gay, 471 F.3d 469,

473 (3d Cir. 2006).  Defendants, however, assert that the party seeking remand based on an

exception to CAFA jurisdiction should bear the burden of demonstrating the applicability of the

exception, citing to CAFA's legislative history and to the decisions of four other circuits which

have addressed the issue.[2]  The Third Circuit has not ruled on the issue.  In this case, no party

takes the position that the case should be remanded, and although Plaintiff has raised in cursory

fashion that the home state exception applies, it is the Court which has ordered the parties to

come forward with grounds supporting federal jurisdiction over this case.  Whatever the burden-

bearing rule may be in this Circuit, it is the Court itself that is not satisfied that this case does not

fall within the home state exception to CAFA jurisdiction.

Congress contemplated that in making jurisdictional determinations under CAFA, "a

federal court may have to engage in some fact-finding, not unlike what is necessitated by the

existing jurisdictional statutes."  Judiciary Committee Report on Class Action Fairness Act,

S.Rep. No. 109-14, at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 42. While some limited

jurisdictional discovery may be necessary, this determination "should be made largely on the

_____

[2]  Judiciary Committee Report on Class Action Fairness Act, S.Rep. No. 109-14, at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 41; Serrano v. 180 Connect, Inc., 478 F.3d 1018 (9th Cir. 2007); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 681 (7th Cir. 2007); Frazier v. Pioneer Americas LLC, 455 F.3d 542 (5th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d 1159 (11th Cir.), rehearing and rehearing en banc denied by 180 Fed.Appx. 146 (11th Cir. 2006).

basis of readily available information." Id.  The information before the Court indicates that the

home state exception applies and warrants remand of this action to state court.

The Amended Complaint describes the class as follows:

> [T]he plaintiff class consists of all persons who currently hold a
> Certificate of Deposit issued by NVE Bank (or who held a
> Certificate of Deposit issued by NVE Bank during the time this
> scheme was conducted), which certificate of deposit was renewed
> by NVE Bank from and after the initial maturity date and who were
> adversely affected by Defendants' scheme to deceptively
> manipulate interest rates paid on renewed Certificates of Deposit as
> described herein (the "Class").

(Am. Compl., ¶ 13.)  While the class definition regards "all persons" without limitation to New

Jersey citizens or residents, other information provided in the Amended Complaint and in

subsequent submissions to the Court manifests the predominantly state-centered nature of this

lawsuit and its litigants.  NVE Bank is chartered and licensed by the state of New Jersey.   It

operates exclusively in New Jersey, and more specifically, maintains branches in only one of the

state's 21 counties.  Moreover, upon the Court's request for information regarding the domicile

of the members putative class as described in the Amended Complaint, Defendants submitted

the Certification of Roberto Rey, CEO of NVE Bank, providing information about the mailing

address on file for the bank's CD customers.  The certification states less than 30% of the bank's

customers with renewed 12, 24 and 36 month CDs dating back to December 31, 2004 used

account mailing addresses outside of New Jersey.[3]

---

[3] Defendants explain that they provide information going back only to the end of 2004
because older information, while kept on file, was not in accessible electronic form and would be
burdensome to retrieve.  In response to Plaintiff's criticism that the bank has excluded data
regarding shorter-term CDs, Defendants also explain that they reviewed data only with regard to

The information before the Court strongly suggests that this case might fall into the category of cases in which more than two-thirds of the plaintiff class, and the primary defendant NVE Bank, are citizens of New Jersey, making remand of this case mandatory under the home state exception.  However, the Court recognizes the limitations in the information available to it about the citizenship of the entire plaintiff class, and concludes that it need not base its decision to remand this action on such a precise determination regarding the composition of the putative class.  It logically follows from the facts available about the defendant bank and its CD customers that no fewer than one-third of the putative class are domiciled in New Jersey.  The evidence clearly supports a conservative estimate that between one-third and two-thirds of the members of the putative class of plaintiffs are domiciled in New Jersey.  Thus, this case presents a situation in which the Court has discretion to decline to exercise jurisdiction under CAFA based on the number of class members hailing from the state in which the action was originally filed.  28 U.S.C. § 1442(d)(3).

Upon consideration of the factors set forth in the provision covering the discretionary home state exception, the Court finds that it is in the interests of justice to remand this matter.[4] The sole claim asserted in this lawsuit - violation of the New Jersey Consumer Fraud Act - is the

---

holders of 12, 24 and 36 month CDs because, in pre-litigation certifications, Plaintiff and his counsel had identified those products as the target of the suit.  The Court is satisfied that the data provided in the Rey Certification is comprehensive enough for a threshold jurisdictional determination under CAFA.

[4] The Court's research uncovered no Third Circuit decision analyzing the factors listed in section 1442(d)(3).  For guidance in the application of these factors, the Court has consulted generally with CAFA's legislative history.  S.Rep. No. 109-14, at 36-39, *as reprinted in* 2005 U.S.C.C.A.N. 3, 35-37.

18

home state's consumer protection statute.  Plaintiffs, predominantly New Jersey citizens, seek redress for the alleged deceptive practices, as defined by that statute, committed by a bank that is chartered by New Jersey, operates only in New Jersey and is not affiliated with any national bank.  Thus, the claim asserted does not involve a matter of national or interstate interest.  As discussed in Section II of this Opinion, the claim may involve application of federal statutes and regulations but is ultimately governed by the law of New Jersey, the state in which the action was filed.  Additionally, the Amended Complaint shows no indication that it was pleaded in a manner seeking to avoid federal jurisdiction.  Plaintiff could have expressly limited the class to citizens of New Jersey but did not.  Indeed, Plaintiff has expressed a preference for litigating in this federal forum and has taken the position that the Court has "arising under" jurisdiction and that the Court should exercise its discretion to exercise jurisdiction over this case pursuant to CAFA. Further militating in favor of remand, Plaintiffs filed this action in New Jersey, which clearly has a distinct nexus with the class members, the alleged harm and the defendants.  As for the fifth factor listed in 28 U.S.C. § 1442(d)(3), New Jersey is home to a substantially greater portion of the class than any other one state.  While there is no proof before the Court regarding the domicile of the non-New Jersey members of the class, there is no indication that any other single state has as great an interest in litigating the controversy as New Jersey does.  Finally, no evidence before the Court shows that another class action asserting the same or similar claim on behalf of the same or other persons has been filed during the three-year period preceding the filing of this action.  In other words, with regard to this last factor, nothing suggests that there is a need for coordination of various overlapping or parallel actions.

19

This analysis leads to the conclusion that, simply put, this case does not possess the interstate character or bear the interstate implications that underpin CAFA's enlargement of federal jurisdiction.  In the exercise of its discretion under 28 U.S.C. § 1442(d)(3), the Court declines to exercise subject matter jurisdiction over this class action lawsuit.

**IV.    CONCLUSION**

For the foregoing reasons, this Court determines that it lacks subject matter jurisdiction over this action and accordingly remands it to the Superior Court of New Jersey.  An appropriate form of order will be filed together with this Opinion.

_____s/ Stanley R. Chesler_____
STANLEY R. CHESLER
United States District Judge

DATED: July 24, 2007